## CLEVELAND, C C & ST L RAILWAY CO v GREEN

Ohio Appeals, 2nd Dist, Franklin Co

No 2192. Decided Aug 5, 1932

Wilson & Rector, Columbus, for plaintiff in error.

Matthew L. Bigger, Columbus, and Abram Cunix, Columbus, for defendant in error.

BY THE COURT

Counsel for the plaintiff in error also urge that the case should be certified to the Supreme Court upon the ground that the judgment of this court is in conflict with the judgment of the court in the case of **Fay v Buckeye Pipe Line Company, 30 Oh Ap, 316.** Upon this proposition we think that this court is required to certify a case to the Supreme Court where its judgment is in conflict with the judgment of another Court of Appeals. One of the incidental questions presented in the present case is as to the effect of the written receipt in opposition to the oral contract, and upon

that feature of the present case the majority of this court is of this opinion that the judgment here is in conflict with the judgment of the court in the case of Fay v Buckeye Pipe Line, supra. The majority will therefore allow the application for a certification.

HORNBECK, J.

This is an interesting case and obviously the judgment is of much consequence to those who are affected directly or indirectly, and I should like to see the legal questions arising passed upon by the Supreme Court. Though our judgment may conflict with the case of Fay v The Buckeye Pipe Line, supra, on "one of the incidental questions" this is not sufficient to warrant a certificate. The conflict should be upon some question which is determinative of the judgment. However, I am unable to say, upon consideration, that there is conflict between these cases as they were tried and presented by the plaintiffs upon entirely different theories. There was no question in the Fay case but that the written instrument under consideration controlled the rights of both parties. Clearly, therefore, no action on behalf of plaintiff could proceed until the contract was reformed. In the instant case the question is whether or not the plaintiff had a right to proceed upon a separate, oral contract. This he attempted to do with full recognition of the written release set up as a defense. Conceding the law of the Fay case we say in effect by our former opinion it has no application because there was a question of fact in the instant case if the written contract embodied the full agreement between the parties. Therefore, I cannot join my associates in the certificate to the Supreme Court.

ALLREAD, PJ, and KUNKLE, J, concur.